IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFREDO GONZALEZ,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; MERIDIAS CAPITAL, INC.; U.S. BANK N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALLISON KEACH; LORI KING; eTITLE INSURANCE AGENCY; LARA ANN HUFF; JACOB HUFF; and DOES 1-50,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:12-cv-00286-DN<br><br>District Judge David Nuffer |

　　　　Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), America's Servicing Company ("ASC"), U.S. Bank, N.A. ("US Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss Plaintiff Gonzalez's complaint in its entirety based on the doctrine of res judicata, and alternatively Gonzalez's failure to state a claim upon which relief can be granted ("Defendants' Motion").[1]  Co-Defendants Jacob Huff and Lara Ann Huff moved to join Defendants' Motion ("Joinder").[2]  Because the complaint fails to state a claim for relief, the Court does not address the res judicata issue.

　　　　Defendants Jacob Huff and Lara Ann Huff's Joinder is GRANTED and the Defendants' Motion to Dismiss is GRANTED.

---

[1] Motion to Dismiss, docket no. 8, filed April 13, 2012.

[2] Lara Ann and Jacob Huff's Joinder in Defendants Wells Fargo Bank, N.A., America's Servicing Company, U.S. Bank, N.A. and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss, docket no. 10, filed May 3, 2012.

## BACKGROUND

On or about August 17, 2006 Gonzalez executed a deed of trust ("Trust Deed") to secure the performance of his loan obligation under a promissory note (the "Note").[3] Meridias Capital, Inc. was the beneficiary of the Trust Deed.[4] The Trust Deed secured property located in Salt Lake County, Utah (the "Subject Property").[5]

Wells Fargo and its mortgage servicing division, ASC, serviced the Note.[6] Gonzalez subsequently defaulted on his obligation to make timely monthly payments, resulting in a Notice of Default and Election to Sell recorded on September 24, 2008.[7] On or about December 1, 2009 Gonzalez and ASC entered into a four-month trial period under the Home Affordable Modification Program ("HAMP"), which temporarily modified Gonzalez's loan obligations.[8] After the four-month trial period ended, Wells Fargo and ASC chose not to make the modification permanent and elected to terminate Gonzalez's participation in the program.[9]

On April 22, 2011, the Subject Property was foreclosed upon and sold to US Bank.[10] The Subject Property was thereafter purchased from US Bank by Defendants Lara Ann Huff and Jacob Huff (the "Huffs").[11]

---

[3] Memorandum in Support of Motion to Dismiss (Support Memo) at 5, docket no. 9, filed April 13, 2012.

[4] *Id*.

[5] *Id*. ¶ 2.

[6] Complaint ¶ 20, docket no. 2-1, filed March 23, 2012.

[7] Support Memo ¶ 3. Plaintiff does not dispute that the Notice of Default and Election to Sell were recorded, but argues these documents had no legal effect, as noted on page 13 of Plaintiff's Opposition Memorandum.

[8] *Id*. ¶ 4. Plaintiff contends this fact is not discussed his complaint, and thus is outside the pleadings. Plaintiff, however, refers to his participation in the HAMP program in paragraphs 47-48 on page 10 of Plaintiff's Complaint.

[9] *Id*. at 14.

[10] *Id*. ¶ 5. Plaintiff does not dispute the existence of the foreclosure and sale of the Subject Property to US Bank, but argues these proceedings were illegal and void, as noted on page 13 on Plaintiff's Opposition Memorandum.

[11] *Id*. ¶ 6. Plaintiff does not dispute the Huff's purchase of the Subject Property, but argues the Huffs did not acquire valid title because the previous proceedings were illegal and void, as noted on pages 13-14 of Plaintiff's Opposition Memorandum.

**STANDARD OF REVIEW – MOTION TO DISMISS**

In order to withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*[12], and *Ashcroft v. Iqbal*[13] a plaintiff must allege enough facts, "taken as true, to state a claim to relief that is plausible on its face."[14]  A plaintiff must "offer specific factual allegations to support each claim"[15] and while the Court must "accept as true all of the allegations contained in a complaint" this requirement is "inapplicable to legal conclusions."[16]  The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]  Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[18]

**DISCUSSION**

First Cause of Action – Declaratory Judgment & Quiet Title

Gonzalez requests fifteen (15) declarations from the Court, including declarations that the foreclosure and trustee's sale were null and void.[19]  Each of Gonzalez's requested declarations involve alleged past wrongs.  A cause of action for declaratory judgment "cannot be used to redress alleged past wrongs."[20]  Additionally, "declaratory judgments are designed to declare

---

[12] 550 U.S. 544 (2007).

[13] 556 U.S. 662 (2009).

[14] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(internal quotation marks omitted)(quoting *Twombly*, 550 U.S. at 570).

[15] Kansas Penn, 656 F.3d at 1214.

[16] Kansas Penn, 656 F.3d at 1214 (internal quotation marks omitted)(quoting *Iqbal*, 556 U.S. at 677).

[17] Kansas Penn, 656 F.3d at 1214 (internal quotation marks omitted)(quoting *Iqbal*, 556 U.S. at 679).

[18] Kansas Penn, 656 F.3d at 1214.

[19] Complaint ¶ 101(i-j).

[20] *Scarborough v. LaSalle Bank*, No. 2:10-cv-0624-CW, 2011 WL 1549432 at *3 n.3 (D. Utah Apr. 21, 2011) (unpublished)(quoting *Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 689, 695 (E.D. Va. 2010)).

rights so that parties can conform their conduct to avoid future litigation."[21]  Declaratory relief is untimely and inappropriate in this case, because the "questionable conduct has already occurred or damages have already accrued."[22]

Second Cause of Action – Fair Debt Collection Practices

Gonzalez alleges that the Defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA").[23]  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[24]  Excluded from this definition is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."[25]  This provision excludes the collection of debts that are not in default.

The Defendants in this case either serviced the Note, or acquired the note without the purpose of collecting or attempting to collect any debt owed or due.  Gonzales admits in his complaint that Wells Fargo and ASC serviced the Note[26], and thus their primary purpose was not to collect any debt.  The servicing of the Note by Wells Fargo and ASC began before Gonzalez defaulted.[27]  Furthermore Gonzalez does not allege that US Bank or Mortgage Electronic

---

[21] Scarborough, 2011 WL 1549432 at *3 n.3 (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 593-94 (4th Cir. 2004)).

[22] Scarborough, 2011 WL 1549432 at *3 n.3 (quoting *Tapia*, 718 F.Supp.2d, at 695).

[23] Complaint ¶¶ 102-108.

[24] 15 U.S.C. § 1692a(6).

[25] 15 U.S.C. § 1692a(6)(F).

[26] Complaint ¶ 20.

[27] *Id*.

Registration Systems, Inc. ("MERS") acquired the Note for collection purposes. Accordingly, the Defendants are not debt collectors pursuant to the FDCPA.

### Third Cause of Action – Utah Consumer Sales Practices Act

Gonzalez alleges that Defendants violated the Utah Consumer Sales Practices Act ("UCSPA") by making "false representations."[28] The UCSPA governs consumer transactions in an effort to protect consumers and promote "fair consumer sales practices."[29] The definition of "consumer transaction" pursuant to the UCSPA, however, does not mention mortgage loans.[30] Furthermore, in a recent decision this court adopted a Magistrate Judge's recommendation that "a mortgage loan is not a 'consumer transaction' within the scope of the UCSPA."[31] Similarly, the mortgage loan in this case is not a consumer transaction pursuant to the UCSPA, and thus claims under the UCSPA are inapplicable.

### Fourth Cause of Action – Breach of Duty

Gonzalez's allegations contained in this cause of action are only alleged against eTitle Insurance Agency.[32]

### Fifth Cause of Action – Breach of Contract; Duty of Good Faith and Fair Dealing

Gonzalez alleges the Defendants' behavior "constitute[s] a breach of contract and of the covenant of good faith and fair dealing."[33] Gonzalez does not allege any specific facts to support this legal conclusion, and in his opposition memorandum states "Defendants violated these

---

[28] Complaint ¶ 112.

[29] Utah Code Ann. § 13-11-2.

[30] Utah Code Ann. § 13-11-3.

[31] *Ayala v. Am. Home Mortg. Servicing, Inc.*, No. 2:11-cv-77-DB-PMW, 2011 WL 3319543 at *3 (D. Utah June 8, 2011)(unpublished)(Magistrate Judge's Report and Recommendation adopted by No. 2:11-cv-77, 2011 WL 3319726 (D. Utah Aug. 1, 2011))(alterations omitted).

[32] Complaint at 25.

[33] Complaint ¶ 121.

promises and breached the modified contract"[34] without referencing any specific promises or provisions of a contract.

As mentioned earlier, in order to survive a motion to dismiss, a Plaintiff must "offer specific factual allegations to support each claim."[35] Gonzalez has not offered specific facts to support his legal conclusion for this cause of action.

### Sixth Cause of Action – Violations of RESPA

Gonzalez alleges the Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), and that he suffered damages as a result of these violations.[36] Recently, this Court noted that the "RESPA requires borrowers to show actual damages as a result of a failure to comply with its provisions."[37] Gonzalez fails to allege any causal link between any violation of RESPA and any damages suffered.

---

[34] Plaintiff's Memorandum in Opposition to the Defendants' Motion to – ERRATA at 29, docket no. 20, filed June 11, 2012.

[35] Kansas Penn, 656 F.3d at 1214.

[36] Complaint ¶¶ 123-124.

[37] Rodeback v. Utah Fin., No. 1:09-cv-00134-TC, 2010 WL 2757243 at *3 (D. Utah July 13, 2010)(unpublished).

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[38] and the Motion for Joinder[39] are GRANTED.  Plaintiff's claims against Jacob Huff, Lara Ann Huff, Wells Fargo Bank, N.A., America's Servicing Company, U.S. Bank, N.A. and Mortgage Electronic Registration System, Inc. are DISMISSED.  Claims remain against Meridias Capital, Inc., Allison Keach, Lori King, eTitle Insurance Agency, and Does 1-50.

Signed June 4, 2013.

BY THE COURT

District Judge David Nuffer

---

[38] Docket no. 8, filed April 13, 2012.

[39] Docket no. 10, filed May 3, 2012